UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYREE WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>T. RASHID, et al.,<br><br>Defendants. | No. 2:17-cv-1934 CKD P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has conducted the required screening and finds that plaintiff's may proceed on the following claims:

1. Claim for retaliating against plaintiff for exercise of his First Amendment rights against defendants Rashid, Willick and Gonzales as alleged under the heading "Claim I."

2. Claim for retaliating against plaintiff for exercise of his First Amendment rights and claim for use of excessive force in violation of the Eighth Amendment against defendant Rashid as alleged under the heading "Claim II."

3. Claim for retaliating against plaintiff for exercise of his First Amendment rights and claim for denial of adequate medical care in violation of the Eighth Amendment against defendant Gonzalez as alleged under the heading "Claim III."

4. Claim for retaliating against plaintiff for exercise of his First Amendment rights and claim for subjecting plaintiff to harmful conditions of confinement in violation of the Eighth Amendment against defendant Jones as alleged under the heading "Claim III."

As for the other persons identified as defendants in plaintiff's complaint, and "Claim IV," plaintiff fails to state a claim upon which relief can be granted.[1]

/////

/////

---

[1] Plaintiff fails to allege facts suggesting any other defendant was personally involved in any violation of federal rights. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983.") As for plaintiff's allegation in "Claim IV" that he was housed in administrative segregation based upon a false report, he does not allege facts which suggest that he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). Furthermore, "Claim IV" is not properly joined in this action, because it does not concern any defendant identified in the first 3 claims and is not related in any meaningful way to the other claims. See Fed R. Civ P. 20(a)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants: Rashid, Willick, Gonzalez and Jones.

4. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 3 above; and

   d. Five copies of the complaint.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. The Clerk of the Court shall assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that all defendants other than Rashid, Willick, Gonzalez and Jones be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 26, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1

wash1934.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYREE WASHINGTON,<br><br>        Plaintiff,<br><br>   v.<br><br>T. RAHID, et al.,<br><br>        Defendants. | No. 2:17-cv-1934 CKD P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

    Plaintiff submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 forms

    \_\_\_\_        copies of the _____
                                            Complaint

DATED:

                                  _____
                                    Plaintiff